UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:13-CR-78

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| FOREST SKIDMORE, JR., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court for a Rule 11 hearing. The Government moved to detain the Defendant. On this July 14, 2014, this Court accepted Defendant's guilty plea. At this time, under 18 U.S.C. § 3145(c), Defendant requested to remain on bond pending sentencing. The requirements under Section 3145(c) are twofold. First, the defendant must meet the requirements under 18 U.S.C. § 3143(a)(1), which requires a showing, by clear and convincing evidence, that defendant poses no danger to the safety of a person or the community or risk of flight. Second, the defendant must clearly show that there are "exceptional reasons" why defendant's detention would not be appropriate.

In support of his request, Defendant argues that he meets the "exceptional reasons" requirement under Section 3145(c) because of the need for continued medical treatment from the Veterans Administration in Salisbury, North Carolina, V.A. Hospital. This request will be denied because Defendant has failed to demonstrate that similar and adequate medical treatment could not be provided while detained. Additionally, the Court received testimony of Defendant's alleged inappropriate physical contact with minors in the past. This evidence was not presented to the Magistrate Judge at Defendant's initial bond hearing. This evidence and the Defendant's risk for relapse into symptoms of psychosis show that Defendant's continued release pending

sentencing does risk the safety of persons and the community at large. Therefore, Defendant's request for release pending sentencing is **DENIED** and the Government's motion for detention is **GRANTED.**

However, in light of strong evidence that the environment of a local jail would likely trigger Defendant's psychotic symptoms and in consideration of and concern for Defendant's continued competency to appear for sentencing, the Court has three recommendations. This Court recommends to the U.S. Marshal Service and the Bureau of Prisons that (1) Defendant be detained, pending sentencing, in prison at Butner or other appropriate FCI for treatment of psychosis pending sentencing; (2) that the Marshal's Service provide transport for Defendant to the Veteran's Administration on Wednesday, July 16th, 2014, for Defendant's previously scheduled medical appointment for electric shock therapy; and, (3) that the Probation Department fast-track Defendant for sentencing.

**IT IS, THEREFORE, ORDERED** that Defendant's request to remain on bond pending sentencing is **DENIED.** The Bureau of Prisons and Marshal's Service are directed to comply with the contents of this Order to the fullest extent possible.

*[Signature: Richard L. Voorhees]*

Title of Signing Officer
United States District Court